No. 14,488.

## HENDRICKSON v. REED.

CONTRACT.—*Sale of Real Estate.*—*Cancellation of Sale.*—*Agreement of Grantee to Discharge Certain Indebtedness of Grantor.*—*Construction of.*—*Trust.*—A. sold a tract of land to B., who paid therefor a certain sum in cash and assumed the payment of two mortgages on the land as a part of the consideration. Attachment proceedings were thereafter instituted against A., to which B. was made a party. While these proceedings were pending A. and B. entered into a written agreement, whereby the latter agreed to sell any part or all of the land theretofore purchased by him from A., provided that he should not sell it for less than its value, and after retaining from the proceeds of the sale enough to discharge all the liens against the land and enough to pay him "all the money that may be legally due him, with interest at the rate of six per cent.," he was to pay what might remain to A.

*Held,* that the parties to the agreement having accepted the second contract as a cancellation or rescission of the sale, and having so treated it, the rights of the parties are to be adjusted accordingly, although it may not in fact have operated as a cancellation or rescission.

*Held,* also, that if the contract of purchase was afterwards cancelled or rescinded, the debts assumed by B. were no longer his personal debts.

*Held,* also, that if B. was negligent in not selling the farm according to the second agreement, he was only chargeable with the reasonable value of the farm, or what it might have been sold for by the exercise of ordinary diligence, from which he was entitled to deduct the purchase-money paid by him, as well as the encumbrances that remained on the land, or for which it was sold, as well as any other sums of money paid by him on A.'s account which had not been otherwise adjusted.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellant.

*A. Major, B. F. Love* and *H. C. Morrison,* for appellee.

PER CURIAM.—This opinion, in which we all concur, was prepared for the court by the late Judge MITCHELL, and expresses the views and judgment of the court.

Action by Hendrickson against Reed to recover damages for the alleged failure of the latter to sell a tract of land which the plaintiff had sold and conveyed to the defendant,

and which he afterwards agreed to sell and account for the proceeds of the sale according to a written agreement set out as an exhibit to the complaint.

It is made a question whether or not the facts stated in the second paragraph of answer were sufficient to constitute a defence to the complaint, but as the merits of the whole controversy may be arrived at upon the facts found by the court, which are not substantially different from those set up in the answer, no further notice will be taken of the pleadings.

The facts found show that in December, 1884, Hendrickson, the plaintiff below, was the owner of one hundred and fifty-six acres of land in Shelby county, which, together with some personal property, he sold and conveyed to the defendant, Reed, for the consideration of $2,100, paid in cash at the date of sale, and an agreement on the part of the defendant to assume and pay off two mortgages on the land, amounting to $4,678. Subsequently some of Hedrickson's creditors instituted proceeding in attachment against him, making Reed a party, and while these proceedings were pending, viz., on the 24th day of June, 1885, a written agreement was entered into between Hendrickson and Reed, which agreement forms the basis of this action. It is stipulated in the agreement that Hendrickson should, within a reasonable time, present to Reed receipts in full for certain debts due from the former to various named persons, and that he was to assist Reed in paying off another debt which he, Hendrickson, owed to T. W. Jones, and which was secured by a mortgage on the land conveyed to Reed. It is also recited therein that Reed had signed an agreement of compromise with the creditors of Hendrickson, in which he had become bound to pay fifty cents on the dollar of all Hendrickson's debts. It is stipulated that in consideration of the premises Reed agreed to sell any part or all of the land theretofore purchased by him from Hendrickson, provided that he should not sell it for less than its value, and

after retaining from the proceeds of the sale enough to discharge all the liens against the land, and enough to pay himself, " all the money that may be legally due him, with interest at the rate of six per cent.," he was to pay what might remain over to Hendrickson. He was also to account for all the personal property and rents received from the latter. It is agreed on the record, and found accordingly, that the personal property and rent account had been fully settled, and that Reed compromised with and paid Hendrickson's creditors according to the agreement.

It is found that the defendant paid off one of the mortgages assumed by him, and that the farm had been sold on the other, which amounted, with interest and costs, to $5,114. The court found that the defendant could have sold the farm for $7,488, before the title was lost by the mortgage sale, and that he was chargeable with rents and personal property amounting, with the price for which he should have sold the farm, to $9,507.88. It was also found that the defendant should be credited with amounts paid by him, including the $2,100 original purchase money paid to Hendrickson, and the amount of the mortgage upon and for which the land was sold, aggregating $9,597.88, thus making his credits exceed the amount with which he was chargeable.

The conclusions of the court are that by the terms of the written agreement, made in June, 1885, the previous transaction in respect to the real estate was rescinded, and cancelled, and that the defendant, Reed, thereafter held the title to the land as trustee, for Hendrickson, and that by his failure to sell the farm, as he might have done, he became liable to account to the plaintiff for its reasonable value, and that having fully accounted and paid more than the land was worth he was not liable.

The contention on appellant's behalf, as we understand it, is that in adjusting the account the defendant, Reed, was not entitled to reimburse himself for the $2,100 purchase money paid by him to Hendrickson, nor for the amount of

the mortgage liens he assumed to pay. These items, it is said, were not within the terms of the written agreement. We are unable to discover any consideration whatever upon which to support the agreement on the part of Reed, to sell the farm which he had purchased months before, and to render an account of the proceeds of the sale to his vendor. So far as appears the contract and conveyance were wholly unimpeachable, and there is no reason shown upon the record for rescinding the contract, or for converting a past, and fully executed, transaction into a trust. The parties, and the court, seem to have accepted the second contract as a cancellation, or rescission, of the sale, and having so treated it the rights of the parties are to be adjusted accordingly.

The second agreement was that Reed should sell the farm, and after discharging the liens on the land he was to retain "all the money that may be legally due him, with interest at 6 per cent." The amount legally due him depended upon extrinsic facts. If the second agreement cancelled the first, and it either did that, or it had no effect at all, then, as a matter of course, Reed was entitled to be repaid out of the proceeds of the sale, in case a sale had been made, all that he had paid on the purchase, and all other sums advanced or paid by him for the plaintiff, or on account of the encumbrances which he had assumed. The appellant can not treat the contract for the sale of the farm as rescinded, and yet retain the benefits which he received, or was to receive, under it.

It is quite true, if Reed did, in fact, assume the payment of the encumbrances on the land as part of the purchase-price, the debts secured by the mortgages assumed became, as between him and his grantor, his personal obligations, but if the contract of purchase was afterwards cancelled or rescinded, the debts assumed by him were no longer his personal debts.

Upon the assumption that Reed was negligent in not selling the farm according to the second agreement, he was only

chargeable with the reasonable value of the farm, or what it might have been sold for by the exercise of ordinary diligence, from which he was entitled to deduct the purchasemoney paid by him, as well as the encumbrances that remained on the land, or for which it was sold, as well as any other sums of money paid by him on Hendrickson's account, which had not been otherwise adjusted.

These were all included in the terms of the contract for the breach of which this suit is brought, and which it is claimed and conceded converted what was before an absolute sale into a trust for the plaintiff's benefit.

What has been said leads to the conclusion that there was no error in holding the second paragraph of the answer good, nor in the conclusions of law stated by the court on the facts found. If there was any error committed it was in trying the case upon a theory too favorable to the appellant.

The evidence tends to sustain the findings.

Judgment affirmed, with costs.

